## Chapman, et al. *vs.* Allen.

The provisions of the statute, rendering it neceseary to furnish the defendant with a copy of the summons, was intended for his own benefit, and may be waived by him.

The District Court have a discretionary power to modify or reverse any order during the term at which it was made.

Morris,
1m 23
120 706

This was an action of trover, brought against three defendants and

regularly served on two of the number. The third defendant was not furnished with a copy of the summons as required by statute, he, at the time of service, having waived the furnishing of such copy.

After judgment by default, a motion in arrest of judgment was made because a general judgment had been rendered without legal service on one of the defendants. This motion was sustained at first, but on a subsequent day of the same term, the matter was reconsidered, and the motion in arrest overruled, and final judgment entered.

BY THE COURT, MASON, CHIEF JUSTICE.—There are two principal questions to be considered in the disposition of this case; 1st, whether the service of the summons was so defective, that to have denied a motion in arrest of judgment would have been erroneous: 2d, whether, after having once sustained such a motion, and arrested the judgment, the District Court, at the same term, can re-consider the matter, reverse the former order, and direct final judgment to be entered. If the course pursued by the District Court, in both these particulars, be correct, the judgment below must be affirmed. The authorities cited by counsel do not bear directly upon either of these points, and our limited means have not supplied us with others more applicable. We shall, therefore, endeavor to apply the general principles of law and reason to the examination before us.

The sufficiency of the service upon two of the defendants, seems to be admitted in the assignment of errors. But it is contended, that the service upon the defendant, Delashmutt, was incurably defective. The statute declares, that a summons shall be served by delivering a copy thereof to the defendant, if found, &c., and it is contended that no other mode of service will be sufficient.

The return of the sheriff states, that the summons was served on this defendant by reading, he waiving the right of having a copy. This agreement of waiving the receipt of a copy, say the counsel for the plaintiffs in error, was merely verbal, and such as the courts do not recognize.

The rule, we think, is stated too broadly. It is true, that courts do not, generally, enforce the out-of-door agreements of parties, or their counsel, which are not reduced to writing, but the case before us seems to belong to a different class. The sheriff is an officer of the court, and his returns, in writing, frequently furnish the sole basis for further judicial proceedings. If he makes a false return, he is liable to an action. Had the return on the summons, in the present case, been

" served," the requisition of the statute would have been complied with, and the propriety of the proceedings unquestioned. Did he intend to make a false return, he would doubtless adopt the latter method.

It seems to us, therefore, that there is no impropriety in our receiving and acting upon the return of the sheriff in this case, as the truth. The provision of the statute rendering it necessary to furnish the defendant with a copy of the summons, was doubtless intended for his own benefit. When the court is satisfied, by legitimate evidence, that he has waived this right, will it allow him to lie still during all the preliminary stages of the cause, and then afterwards come in to arrest the judgment, and overturn all the proceedings? To establish such a rule would, we think, be countenancing bad faith, and subverting the ends of justice. We are, therefore, of the opinion that judgment in the court below ought not to have been arrested for defective service.

With regard to the second question above proposed, it appears from the record, that judgment in the court below was at first arrested ; and that subsequently, that order was reversed and judgment entered. It does not appear, as the counsel for the plaintiffs in error seem to suppose, that after the arrest of judgment, a second default was entered, upon which judgment was finally rendered. For some cause, the order of court arresting the judgment seems to have been rescinded, which left the proceedings precisely where they were previous to the judgment being arrested. At that point they were taken up and judgment rendered upon the verdict of the jury. We see no impropriety in all this. It seems highly expedient that the District Courts should have a discretionary power to modify or reverse any order of this nature during the term at which it was made. Such a power, in most cases, will tend to the more speedy administration of justice, by enabling that court frequently to correct some manifest error which had perhaps temporarily escaped detection.

As to the objection that time should have been given to the defendants to come in and plead after the arrest of judgment, it is answered by the fact that we cannot regard the judgment as ever having been arrested, the order therefor having been reversed in the court below. We are therefore of the opinion that the judgment in this case should be affirmed.

Judgment affirmed accordingly.